878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James C. ROBINSON, Plaintiff-Appellant,
v.
BOARD OF PAROLES; Charles Traughber; Linda Miller; Donna
Blackburn; Tom Biggs; Ron Bishop, Defendants-Appellees.
 No. 88-6400.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 James C. Robinson appeals the order of the district court dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robinson brought suit against five members of the Tennessee Board of Paroles. He sought monetary damages as well as declaratory and injunctive relief. He claimed that he had a constitutionally protected liberty interest in parole under the rules of the parole board as they existed when he was sentenced.
 
 
 3
 Robinson became a state prisoner in 1985. At that time, the Tennessee parole scheme, particularly rule 1100-1-1-.06 of the Rules of Tennessee Board of Paroles, had been construed to create for state prisoners a liberty interest in parole protected by due process. See Mayes v. Trammell, 751 F.2d 175 (6th Cir.1984). A modification of rule 1100-1-1-.06 became effective on April 10, 1985, and was found to eliminate the liberty interest which had been created by the old rule. See Wright v. Trammell, 810 F.2d 589 (6th Cir.1987) (per curiam). The plaintiff argued that the modification of rule 1100-1-1-.06 as applied to him was violative of the constitutional prohibition against ex post facto laws because it deprived him of a liberty interest guaranteed to him upon his arrival in state custody.
 
 
 4
 The district court dismissed the action as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983).
 
 
 5
 Upon review, we find no error. Accordingly, for the reasons set forth in the district court's memorandum dated November 29, 1988, the order of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Robinson's request for appointment of counsel is denied.