16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kerry MORGAN, Petitioner-Appellant,
v.
P.L. HUFFMAN, Warden, Respondent-Appellee.
 No. 93-5297.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and CHURCHILL, Senior District Judge*.
 PER CURIAM.
 
 
 1
 This appeal arises from the dismissal by the United States District Court for the Middle District of Tennessee of Kerry Morgan's application for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 2
 The appellant is currently serving Tennessee sentences in Virginia pursuant to the Interstate Corrections Compact. He does not challenge the constitutionality of his convictions. Instead, the appellant claims that he was improperly denied parole. The respondent is the warden of the facility in Virginia in which Morgan is serving his sentence. The warden is represented on appeal by the Tennessee Attorney General.
 
 
 3
 The Tennessee Board of Paroles denied the appellant parole on two occasions, June 28, 1990 and April 24, 1991.
 
 
 4
 The correct procedure, under Tennessee law, for challenging the manner in which parole proceedings are conducted is to file a petition of certiorari in an appropriate Tennessee circuit court. The petition must be filed within 60 days from entry of the order denying the petitioner parole and it must, among other things, identify the specific order which is claimed to be erroneous. Tenn.Code Ann. Sec. 276-9-102. Upon an unfavorable ruling in circuit court, the prisoner may pursue an appeal through the state appellate courts.
 
 
 5
 The appellant attempted to obtain judicial review of the orders denying him parole by filing two petitions for certiorari in the First Circuit Court for Davidson County, Tennessee. His petitions were dismissed by the Circuit Court. The specific reasons for the dismissal are not clear in the record, but they were either for failure to file the petitions on time or for failure to properly identify the parole proceedings referred to in the petition or for some combination of these reasons. In any event, his petitions were dismissed for procedural defaults. In a procedurally correct manner, he unsuccessfully sought review by the Court of Appeals and Supreme Court of Tennessee.
 
 
 6
 His substantive claims for relief in federal court are as follows:
 
 
 7
 (1) The appellant's convictions occurred in 1978. At the time of his conviction, Rule 1100-1-1-.06 of The Rules of the Tennessee Board of Pardons and Paroles stated:
 
 
 8
 "The Board operates under the presumption that each resident who is eligible for parole is a worthy candidate and thus the Board presumes that he will be released on parole when he is first eligible."
 
 
 9
 This rule was eliminated in 1985. The amended parole board rule eliminates the presumption in favor of parole. Appellant claims the amended rule violates the ex post facto clause of the United States Constitution.
 
 
 10
 (2) In denying him parole the Parole Board relied upon the report of a psychologist who was "certified" but not "licensed" as required by Tennessee law; and
 
 
 11
 (3) The Parole Board failed to provide him with a parole interview prior to the June 28, 1990 and April 24, 1991 hearings.
 
 
 12
 Although a petitioner need not anticipate the defense of procedural default, in this case the petitioner did so. He alleged that as a prisoner in Virginia he had no access to Tennessee law and that he attempted to get information on proper procedure from Tennessee authorities.
 
 
 13
 The district judge summarily dismissed the petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Court. The reason for the summary dismissal was the failure to exhaust available state court remedies. The district judge concluded that the petitioner's attempts to obtain review of the adverse Parole Board action were unsuccessful because of procedural defaults and that the petitioner's pro se status and ignorance of state law were wholly insufficient to establish the type of cause necessary to excuse the procedural defaults.
 
 
 14
 The district court's characterization of the petitioner's claim as one of ignorance of the law fails to recognize the distinction between knowledge of the law and access to the law. A prisoner's constitutional right to access to the courts requires meaningful access to legal resources. Bounds v. Smith, 430 U.S. 817, 828 (1977). Therefore, it is the opinion of the Court that the petitioner's federal petition was sufficient to require a factual inquiry as to whether he had reasonable cause for his procedural default. See Dulin v. Cook, 957 F.2d 758 (10th Cir.1992).
 
 
 15
 We express no opinion concerning the merits of his substantive claims.
 
 
 16
 This case will be remanded for further proceedings to be conducted pursuant to the Rules Governing Section 2254 Cases in the United States District Court. Our concern with the "cause" aspect of "cause and prejudice" should not influence the manner in which the district court should proceed. It may be possible and appropriate to examine the "prejudice" aspect of "cause and prejudice" before examining factual issues.[1]
 
 
 17
 This case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable James P. Churchill, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 See, eg., Wright v. Trammell, 810 F.2d 589 (6th Cir.1987) (any liberty interest in parole accrues after right to parole hearing becomes available); Robinson v. Board of Paroles, No. 88-6400, 1989 WL 68024 (6th Cir. June 23, 1990) (affirming district court's dismissal of petitioner's claim that the change in Rule 1100-1-1-.06 violated the constitutional prohibition against ex post facto laws); cf. United States v. Manni, 810 F.2d 80 (6th Cir.1987) (federal parole guidelines are merely "guideposts" not "laws" within the meaning of the Ex Post Facto Clause)