28 F.3d 1213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kelly BANNER, Plaintiff-Appellant,
v.
Christine J. BRADLEY; Jeff Reynolds, Defendants-Appellees.
 No. 93-5329.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1994.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Judge*.
 PER CURIAM.
 
 
 1
 This matter is before the Court on appeal from the decision of the District Court, which sua sponte dismissed appellant's complaint as frivolous.
 
 
 2
 Appellant is a State prisoner currently incarcerated at the Northeast Correctional Center in Mountain City, Tennessee. His contention is that he has been denied due process because he has not had a parole hearing since 1989. He brings the complaint under 42 U.S.C. 1983. It is his position that appellees' failure to provide him with a parole hearing violated his constitutional right to due process. He seeks damages in the amount of $25,000.00 and an order that he be placed before the Tennessee Board of Parole for a hearing.
 
 
 3
 * Appellant argues that appellees have deprived him of his constitutional right to due process by failing to provide him with a parole hearing since 1989. He claims that the actions of Appellee are prohibited by Tennessee's Administrative Policies and Procedures. He does not assert that he is entitled to parole, but his only claim is that he is entitled to a hearing before the Board of Paroles. He cites T.C.A. 40-28-115, Section (B)(1), which provides as follows:
 
 
 4
 Every person sentenced to a determinate sentence and confined in a state prison, when he has served a period of time equal to one half ( 1/2) of the sentence imposed by the court for the crime for which he was convicted, but in no event less than one (1) year, shall likewise be subject to parole in the same manner provided for those sentenced to an indeterminate sentence."
 
 
 5
 Appellees agree that a state may create a liberty interest in parole, but they argue that this circuit has previously held that the rules of the Tennessee Board of Paroles do not create a liberty interest protected by the due process clause. They further argue that, in order to establish a claim under the due process clause, a prisoner must prove that the defendants failed to provide him with adequate procedural protections prior to depriving him of a recognized liberty interest. They further argue that, because Tennessee law does not create a recognized liberty interest in parole, petitioner cannot have a constitutional right to any particular "process", including a hearing, prior to being denied parole.
 
 
 6
 Moreover, appellees assert that, because petitioner seeks relief that could affect the nature and duration of his incarceration, the case was improperly filed pursuant to 42 U.S.C. Sec. 1983, when his sole remedy is a petition for writ of habeas corpus.
 
 II
 
 7
 The first issue is whether petitioner must pursue his case, if at all, by way of habeas corpus rather than under 42 U.S.C. Sec. 1983. In discussing the interrelationship between 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2254, the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973), held that a constitutional challenge by state prisoners to cancellation of their good-time credits should have been brought in a habeas corpus action, notwithstanding the fact that the plaintiff's claim came within the literal terms of Sec. 1983. The court enunciated the following rule:
 
 
 8
 [W]hen a state prisoner is challenging the very fact or duration of his physical imprison-ment, and the relief he seeks is a deter-mination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.
 
 
 9
 Id. at 500.
 
 
 10
 In applying the aforementioned standard, the Court has been careful to distinguish between cases seeking release and those challenging procedures. In Gerstein v. Pugh, 420 U.S. 103 (1975), the Court noted that, where the relief sought was a hearing, not a release from confinement, the action need not be brought as a habeas corpus petition.
 
 
 11
 In the instant case, appellant seeks a damage award in the amount of $25,000.00 and an order directing appellees to provide him with a parole hearing. He does not seek to challenge the fact or duration of his imprisonment, and, were he to prevail on his underlying claim, he would not be released, nor would his sentence be shortened. Based on these facts and the authority of Gerstein and Prieser, we conclude that Banner's claim is cognizable under 42 U.S.C. Sec. 1983, and we now proceed to consider the merits of Banner's Sec. 1983 claim.
 
 III
 
 12
 The United States Constitution does not grant a right to conditional release before the expiration of a valid sentence, and the mere fact that a state has made parole possible does not create a liberty interest protected by the due process clause. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7-11 (1979). A state may, however, through the working of its statutes and policies, create such an expectation of parole that an inmate's interest in obtaining parole will be protected by the due process clause. This Court so held in Mayes v. Trammell, 751 F.2d 175 (6th Cir.1984) (construing Rule 1100-1-1-06 of the Rules of the Tennessee Board of Parole.)
 
 
 13
 Less than a year after the Mayes decision, Rule 1100-1-1-.06 was amended to read as follows:
 
 
 14
 Before granting or denying parole, the Board shall apply the following factors to each eligible resident to assist it in determining whether such resident will live and remain at liberty without violating the law or the conditions of his parole.
 
 
 15
 This amendment deleted a sentence from the prior rule relied upon by the Court in Mayes, which said that the Board operates under a presumption that each prisoner eligible for parole is a worthy candidate, and presumes that he will be released on parole when he is first eligible.
 
 
 16
 In Wright v. Trammell, 810 F.2d 589 (6th Cir.1987), the court held that Rule 1100-1-1-.06, as amended, no longer created a liberty interest subject to due process protection.
 
 
 17
 Here, the district court held that appellant had no substantive right to parole, and, therefore, no procedural right to a parole hearing and, accordingly, appellant's complaint was "frivolous" within the meaning of 28 U.S.C. Sec. 1915(d). On appeal, Mr. Banner argues that, even absent a constitutionally protected liberty interest in obtaining parole, he nevertheless has a constitutionally protected interest in obtaining a periodic parole hearing.
 
 
 18
 We disagree. Absent a constitutionally recognized liberty interest in parole, a petitioner does not have a right to receive "due process" before the state may permissibly deny his request for parole. See Brandon v. District of Columbia B. of Parole, 823 F.2d 644 (D.C.Cir.1987). The facts in that case are quite similar to those here.
 
 
 19
 In Brandon, the petitioner sought to receive what he described as a "meaningful parole hearing." Like appellant here, petitioner Brandon did not dispute the fact that state law did not create a protected liberty interest in parole or reparole release. Rather, he argued that, even absent a liberty interest in parole, he nevertheless had a protected liberty interest in a meaningful parole hearing. The D.C. Circuit soundly rejected this argument, calling it "analytically indefensible."
 
 
 20
 The Brandon court quoted at length from the Supreme Court's decision in Olim v. Wakinekona, 461 U.S. 238 (1983). In Olim, the petitioner argued that Hawaii's prison regulations, which required a particular kind of hearing before an inmate could be transferred, created a protected liberty interest. The Court found that the regulations did not create a protected liberty interest because prison officials retained unfettered discretion to transfer an inmate:
 
 
 21
 The Court of Appeals thus erred in attributing significance to the fact that the prison regulations require a particular kind of hearing before the Administrator can exercise his unfettered discretion.... "[a] liberty interest is of course a substantive interest of an individual; it cannot be the right to demand needless formality." Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.... If officials may transfer a prisoner "for whatever reason or for no reason at all," ... there is no such interest for process to protect. The State may choose to require procedures for reasons other than protection against deprivation of substantive rights, of course, but in making that choice the State does not create an independent substantive right.
 
 
 22
 Id. at 250-51 (alteration in original) (footnotes and citations omitted). Accord, Bills v. Henderson, 631 F.2d 1287 (6th cir. 1980) (holding that "procedural rules created by administrative bodies cannot, of themselves, serve as a basis for a separate protected liberty interest").
 
 
 23
 We think it clear that a prisoner cannot have a federally protected right to a parole hearing where, as here, he does not have a federally protected liberty interest in parole. Accordingly, the district court properly dismissed Banner's Sec. 1983 complaint because there is no arguable basis in law or fact that would support his assertion that respondents' conduct violated his right to due process.
 
 
 24
 On appeal, for the first time, Petitioner raised equal protection and ex post facto claims. These were not considered by the district court and, therefore, will not be considered by this Court in this appeal.
 
 
 25
 For the reasons stated, the judgment of the District Court is affirmed.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation