47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald ESLICK, Plaintiff-Appellant,
v.
Charles TRAUGHBER; Rose Hill; Dawn Chase, Defendants-Appellees.
 No. 94-5696.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1995.
 
 Before: JONES, CONTIE and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Donald Eslick, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Seeking injunctive and declaratory relief, Eslick sued multiple Tennessee parole board members challenging the process the board members used to deny Eslick's parole. The defendants were sued in their individual and official capacities. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Although the district court subsequently modified its opinion pursuant to Fed. R. Civ. P. 59(e), Eslick's complaint was still dismissed pursuant to Sec. 1915(d).
 
 
 3
 In his timely appeal, Eslick continues to argue the merits of his complaint. He also contends that the district court erred in construing the complaint as a habeas petition and in dismissing the complaint as frivolous. Appellees have informed the court that they will not be filing a brief.
 
 
 4
 The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed under the abuse of discretion standard. See Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992). A district court may dismiss a complaint as frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable basis in law include claims of infringement of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327-28; Lawler, 898 F.2d at 1198-99.
 
 
 5
 Eslick admits that he is not entitled to parole in Tennessee. However, despite the fact that he may not be entitled to parole, Eslick argues that he has a constitutional right as to the due process used to conduct the hearing and deny his parole. Eslick's argument was rejected by this court in Banner v. Bradley, No. 93-5329, 1994 U.S. App. LEXIS 18125, at * 7-10 (6th Cir. July 15, 1994) (per curiam). In Banner, this court stated that absent a constitutionally recognized liberty interest in parole, an inmate does not have a right to receive "due process" before the state may deny his request for parole. Id.
 
 
 6
 Eslick argues that the parole board's decision to deny him another hearing until 2003 violates the Ex Post Facto Clause of the United States Constitution. Eslick argues that he was sentenced in 1982 when he had a liberty interest in parole under Tennessee law. Although Tennessee law has subsequently changed so as to eliminate the liberty interest in parole, Eslick contends that the elimination of the liberty interest would violate the Ex Post Facto Clause. However, this very argument was rejected by this court in Robinson v. Board of Paroles, No. 88-6400, 1989 U.S. App. LEXIS 9161, at * 1-2 (6th Cir. June 23, 1989).
 
 
 7
 Eslick contends that the district court should not have sua sponte dismissed his complaint. However, because the district court dismissed the complaint as frivolous pursuant to Sec. 1915(d), the complaint could be dismissed sua sponte. See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir. 1986).
 
 
 8
 Eslick argues that the district court erred in construing his complaint as a petition for habeas relief. However, in its modified judgment entered pursuant to Fed. R. Civ. P. 59(e), the district court amended its judgment and construed Eslick's complaint as a civil rights action under 42 U.S.C. Sec. 1983. Thus, Eslick's argument is rendered moot by the modified judgment.
 
 
 9
 Finally, Eslick contends that the district court should not have dismissed his complaint as frivolous. However, the arguments raised by Eslick were addressed by this court in Banner and Robinson. In both Banner and Robinson, the court found the arguments to be frivolous under Sec. 1915(d). Eslick's argument is therefore meritless.
 
 
 10
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.