62 F.3d 1417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Milton Lee HOLT, Plaintiff-Appellant,
v.
Charles TRAUGHBER; Tennessee Board of Paroles, unknown
members, Defendants-Appellees.
 No. 95-5023.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and GRAHAM, District Judge.*
 
 ORDER
 
 2
 Milton Lee Holt, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, Holt sued Traughber, the Chairman of the Tennessee Board of Parole (Board), and unknown Board members. Holt alleged that he had a constitutionally protected liberty interest in parole at the time he was incarcerated, and that the defendants denied him his procedural due process rights at the time they denied him parole. Holt also alleged that the Board's application to him of the new parole guidelines (enacted in 1985) increases his punishment for his crime and, therefore, violates the Ex Post Facto Clause of the Constitution of the United States.
 
 
 4
 The district court dismissed the case pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, Holt continues to argue the merits of his claim.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Holt's Sec. 1983 lawsuit for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiff can prove no set of facts which would entitle him to relief against the defendants. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 6
 The defendants did not violate Holt's procedural due process rights when they denied him parole. Because Holt did not have a constitutionally recognized liberty interest in parole at the time of parole hearing, see Wright v. Trammell, 810 F.2d 589, 590-91 (6th Cir. 1987) curiam), Holt did not have a right to receive "due process" before the Board denied his request for parole. See Banner v. Bradley, No. 93-5329, 1994 WL 375895, at * 3 (6th Cir. July 15, 1994) (per curiam).
 
 
 7
 Holt also argued that because his sentence was instituted when he had a liberty interest in parole, that right may not be taken away without violating the Ex Post Facto Clause. This very argument was rejected by this court in Robinson v. Board of Paroles, No. 88-6400, 1989 WL 68024, at * 1 (6th Cir. June 23, 1989). See Eslick v. Traughber, No. 94-5696, 1995 WL 33885, at * 1 (6th Cir. Jan. 27, 1995), petition for cert. filed, No. 94-8573 (Mar. 22, 1995). Holt has not stated a claim which alleged a constitutional deprivation and the district court properly granted defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation