**Norman Quincy WRIGHT, Plaintiff-Appellant,**

v.

**Nevil C. TRAMMELL, Jr.; Charles M. Traughber; Linda K. Miller; Donna Blackburn; and Ed Hoover, Defendants-Appellees.**

**No. 85–6053.**

United States Court of Appeals, Sixth Circuit.

Submitted Jan. 22, 1987.

Decided Feb. 9, 1987.

Norman Quincy Wright, pro se.

Gary D. Housepian, State of Tenn. Atty. Gen. Office, Nashville, Tenn., for defendants-appellees.

Before ENGEL and BOGGS, Circuit Judges, and HILLMAN, District Judge.*

PER CURIAM.

The *pro se* appellant, Norman Quincy Wright, is appealing the October 23, 1985, order of the district court dismissing his civil rights case. He is an inmate at Nashville Community Service Center, Tennessee.

The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed, the parties having adequately briefed and developed the issues. Rule 34(a), Federal Rules of Appellate Procedure.

On June 4, 1985, the appellant appeared before the Tennessee Parole Board. He was informed by appellee parole board member, Charles M. Traughber, that he would not have an opportunity for a court ordered release. The appellant alleges due process violations in that he was not allowed to submit evidence in support of his release, a parole board quorum was not present, and he was not presented with a written statement of the reasons for his parole denial. The appellant has brought suit pursuant to 42 U.S.C. § 1983 against all parole board members asking for a declaratory judgment, injunctive relief and damages.

The district court held that due process was not required in connection with a parole board determination of whether or not to grant parole, to a prisoner otherwise lawfully detained. *Sharp v. Leonard,* 611 F.2d 136 (6th Cir.1979); *Wagner v. Gilligan,* 609 F.2d 866 (6th Cir.1979). In addition, the expectancy of release upon parole is not a constitutionally protected interest where the state holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 11, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).

This Court held in *Mayes v. Trammell,* 751 F.2d 175 (6th Cir.1984), that the Tennessee parole scheme, particularly Rule 1100–1–1–.06 of the Rules of Tennessee Board of Parole, creates a liberty entitlement protected by due process. *Id.* at 179. At the time of the *Mayes* decision, Rule 1100–1–1–.06 provided in part as follows:

> The Board operates under the *presumption* that each resident who is eligible for parole is a worthy candidate and thus the Board presumes that he *will be released* on parole when he is first eligible. Before granting or denying parole, the Board shall apply the following factors to each eligible resident to assist it in determining whether such resident will live and remain at liberty without violating the law or the conditions of his parole: (emphasis added)

The rule has since been amended to read in part as follows:

> Before granting or denying parole, the Board shall apply the following factors

---

* The Honorable Douglas W. Hillman, Chief Judge, U.S. District Court for the Western District of Michigan, sitting by designation.

to each eligible resident to assist it in determining whether such resident will live and remain at liberty without violating the law or the conditions of his parole:

The amended rule was effective on April 10, 1985, and thus pertained to the appellant at his June 4, 1985, parole hearing. The amended rule eliminated the words from the former rule which granted a constitutionally-protected liberty interest.

Accordingly, it is ORDERED that the final judgment of the district court is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.