889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bradley CHANEY, Plaintiff-Appellant,
v.
COMMISSIONER OF CORRECTIONS, STATE OF TENNESSEE, Defendant-Appellee.
 No. 89-5770.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1989.
 
 1
 Before MERRITT, Chief Judge, WELLFORD, Circuit Judge, and ROBERT E. DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff Chaney moves for counsel on appeal from the district court's grant of summary judgment to the defendant in this prisoner's civil rights case. 42 U.S.C. Sec. 1983 (1982). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Chaney is a prisoner at the Morgan County Regional Correctional Facility in Wartburg, Tennessee. The defendant is the Tennessee Commissioner of Corrections. Chaney's complaint alleged that prison officials discharged him from his prison job for failure to report to work on time. He alleged that this discharge was unreasonable and adversely affected his parole possibilities.
 
 
 4
 The district court granted summary judgment to the defendant. The court held that Chaney had no constitutional entitlement to his prison employment. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.1977), cert. denied, 438 U.S. 915 (1978). While prison regulations can create a constitutional right, see Beard v. Livesay, 798 F.2d 874, 877 (6th Cir.1986), here the district court found that the prison regulation stated that program assignments were a privilege. Therefore, the regulation did not create a constitutional right. Finally, the district court held that the parole considerations in this case were not controlling because there is no constitutional right to parole in Tennessee. Wright v. Trammel, 810 F.2d 589, 590-91 (6th Cir.1987) (per curiam).
 
 
 5
 After an examination of the record, this panel concludes that the defendant was entitled to summary judgment. Fed.R.Civ.P. 56(c). The motion for counsel is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation