894 F.2d 1336
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEORGE A. DANIEL, Plaintiff-Appellant,
v.
STEVE NORRIS; BOARD OF PARDONS & PAROLES; NED RAY
MCWHERTER, Defendants-Appellees.
 No. 89-5516.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1990.
 
 1
 M.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 BEFORE: NELSON and BOGGS, Circuit Judges; and BATTISTI, District Judge.*
 
 
 4
 George A. Daniel, a pro se Tennessee state prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Challenging the constitutionality of Tenn.Code Ann. Secs. 41-1-504(b) and 41-1-505(a), which provide a scheme for the early release or parole of prisoners in order to control prison overcrowding, Daniel claimed that the statutes violated the equal protection clause of the United States Constitution because the statutes give preferable treatment to prisoners who are serving shorter sentences over prisoners who are serving longer sentences. He alleged that because he is serving a longer sentence, he is being treated differently than other inmates serving shorter sentences because prison overcrowding may be controlled before he has a chance to reap the benefits of the early release statutes. He further claimed that he has a constitutionally-protected liberty interest in parole and that enactment of the early release statutes delays his eligibility for release in violation of the ex post facto clause of the United States Constitution. Finally, he claimed that the subject statutes constitute cruel and unusual punishment in violation of the eighth and fourteenth amendments. He sought monetary and declaratory relief.
 
 
 6
 The district court dismissed the complaint on the basis that the claims asserted were not ripe for adjudication.
 
 
 7
 On appeal, Daniel claims that the district court erred in dismissing his complaint on the basis of ripeness.
 
 
 8
 Upon review, we affirm the district court's dismissal. Daniel failed to establish that he has sustained or is immediately in danger of sustaining a deprivation of some constitutionally protected right as the result of the challenged statutes. See Brown v. Ferro Corp., 763 F.2d 798, 801 (6th Cir.), cert. denied, 474 U.S. 947 (1985); Young v. Klutznick, 652 F.2d 617, 625-26 (6th Cir.1981), cert. denied, 455 U.S. 939 (1982); Wright v. Trammel, 810 F.2d 589 (6th Cir.1987).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation