895 F.2d 1415
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shomari A. ZUBERI, Michael R. Moore, Raymond Otha Jackson,
Ronald D. Collier, Johnny D. Williams-Bey,
Plaintiffs-Appellants,
Jabari Issa Mandela, Darry Lee Mitchell, Plaintiffs,
v.
Gretchen FAULSTICH, Charles Traughber, Linda Miller, Tom
Biggs, Donna Blackburn, Defendants-Appellees.
 No. 89-5750.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs, a group of Tennessee inmates, appeal the 28 U.S.C. Sec. 1915(d) sua sponte dismissal of their civil rights action under 42 U.S.C. Sec. 1983. The complaint was a challenge to the Tennessee parole scheme on equal protection and due process grounds. The named defendants, members of the Tennessee Board of Paroles, and the plaintiffs have briefed the issues on appeal. The plaintiffs are proceeding without counsel.
 
 
 3
 We initially note that the plaintiffs desire only to challenge the parole scheme, not certain individual parole decisions as first set forth in the complaint. This being the case, the district court's reliance on Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) was misplaced. The question thus remains: Were the equal protection and due process challenges frivolous?
 
 
 4
 A claim is frivolous for purposes of 28 U.S.C. Sec. 1915(d) if it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1833 (1989). The due process claims, which comprise the vast majority of the complaint, are frivolous. Due process protections apply only to constitutionally recognized liberty or property interests. This court has previously held that Tennessee's parole scheme has not resulted in the creation of such a constitutionally cognizable interest. Wright v. Trammell, 810 F.2d 589, 591 (6th Cir.1987) (per curiam).
 
 
 5
 Plaintiffs have, however, articulated a legally sufficient equal protection claim, namely, that some parole decisions are arbitrarily based on the race of the inmate. See Complaint, p 51. While this claim may not ultimately prove out, or even survive preliminary responsive pleading, it is not frivolous under Neitzke's view of 28 U.S.C. Sec. 1915(d). This claim must be remanded for further proceedings.
 
 
 6
 Accordingly, the district court's judgment is affirmed in part and vacated and remanded in part. Rules 9(b)(5) and (6), Rules of the Sixth Circuit.