47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary William HOLT, Petitioner-Appellee,
v.
W. Jeff REYNOLDS, et. al., Respondent-Appellant.
 No. 94-5477.
 United States Court of Appeals, Sixth Circuit.
 Jan. 18, 1995.
 
 On Appeal from the United States District Court for the Middle District of Tennessee, No. 92-00139; Thomas A. Wiseman, Jr., Judge.
 M.D. Tenn.
 REVERSED.
 Before: KENNEDY and SILER, Circuit Judges; and CHURCHILL, District Judge*.
 PER CURIAM.
 
 
 1
 Respondent W. Jeff Reynolds appeals the District Court's grant of habeas corpus relief to petitioner Gary William Holt. Petitioner argued in his habeas petition that the state of Tennessee should be estopped from recalculating his state sentence to be consecutive, rather than concurrent, with his federal sentence. After finding that petitioner had relied upon representations by the state that his sentences would be concurrent, the District Court issued an order granting petitioner habeas relief and estopped the State of Tennessee from recalculating petitioner's state sentence. On appeal, respondent argues that (1) the District Court improperly found that petitioner had met his burden of demonstrating cause and prejudice for his procedural default; and that (2) the District Court improperly applied the doctrine of equitable estoppel to the State of Tennessee. For the following reasons, we reverse the District Court's grant of habeas relief.
 
 I.
 
 2
 In July 1977, petitioner was convicted of bank robbery in federal court and sentenced to twenty-one years in federal prison. On August 25, 1977, petitioner was convicted of armed robbery in McMinn County, Tennessee and sentenced to life imprisonment. The state judge did not indicate whether petitioner's state sentence would run concurrently with his previously imposed federal sentence. According to petitioner, when he inquired to his counsel about his sentence, counsel informed him that his state sentence would be concurrent to his federal sentence unless the judge specifically said otherwise. The Tennessee Department of Corrections ("TDOC") confirmed petitioner's understanding that his sentences would run concurrently by letter in May 1978. Petitioner was paroled from federal prison to state custody on October 18, 1984. On October 29, 1984, petitioner began serving his state court sentence.
 
 
 3
 On May 27, 1986, TDOC informed petitioner that a mistake had been made and that his state sentence would be consecutive to his federal sentence. As a result, petitioner's earliest possible parole date was recalculated as October 29, 2014 instead of August 25, 2007. The TDOC attributed the error to its failure to implement a Tennessee Court of Criminal Appeals decision entered eight months prior to petitioner's state sentencing. In State v. Graham, 544 S.W.2d 921, 922 (Tenn. Crim. App. 1976), the Court of Criminal Appeals held that unless a trial court specifically rules that a state sentence is to run concurrently with a previously imposed federal sentence, the sentences will run consecutively. Prior to 1986, TDOC had incorrectly assumed that state sentences were concurrent to previously imposed federal sentences based on the holding of a case that involved state sentences only. See Ray v. State, 576 S.W.2d 598, 602 (Tenn. Crim. App. 1978).
 
 
 4
 Petitioner embarked on his first of many attempts to seek review of his recalculated sentence. Petitioner filed a pro se action under 42 U.S.C. Sec. 1983 in the District Court, which was dismissed without prejudice on July 13, 1987 for failure to exhaust state remedies. Petitioner then brought a habeas corpus petition in Bledsoe County, Tennessee, which was denied on April 15, 1988. He appealed to the Court of Criminal Appeals, which affirmed the denial of his habeas corpus petition on January 26, 1989. The Court of Criminal Appeals noted that the proper avenue for petitioner to seek review of his recalculated sentence was the Uniform Administrative Procedures Act ("APA"), not a petition of habeas corpus. See Tenn. Code Ann. Sec. 4-5-101 et seq.
 
 
 5
 Petitioner next filed an action seeking a declaratory judgment from the TDOC pursuant to the APA in the Chancery Court of Davidson County, Tennessee on May 23, 1989. His petition was dismissed on November 22, 1989. Petitioner appealed the dismissal, but the Tennessee Court of Appeals dismissed petitioner's appeal from the Chancery Court for failure to timely file appellate briefs. Petitioner had filed a motion for extension of time in which to file his briefs, but his motion arrived after the relevant deadline. The Tennessee Supreme Court denied petitioner's application for petition to appeal.
 
 
 6
 Petitioner filed the present action on February 5, 1992. The District Court found that petitioner's procedural default in the Tennessee Court of Appeals on the APA action was with cause because his tardy filing was the result of the slow pace of prison mail and inadequate access to library facilities. The District Court also found that petitioner had been prejudiced. The Court granted petitioner habeas relief, concluding that the doctrine of equitable estoppel barred the State of Tennessee from recalculating petitioner's sentence. The District Court found that petitioner had relied to his detriment on representations by TDOC that his sentences would run concurrently. The District Court reasoned that if petitioner had not been misinformed about his sentence, he could have sought parole earlier from federal prison or could have appealed his state sentence based on ineffective assistance of counsel at sentencing.
 
 II.
 
 7
 This Court applies a de novo standard of review to a district court's grant or denial of habeas corpus relief. See Levine v. Torvik, 986 F.2d 1506, 1512 (6th Cir.), cert. denied, 113 S. Ct. 3001 (1993). A District Court's factual findings, however, are reviewed for clear error. Id.
 
 III.
 
 8
 Respondent argues that the District Court improperly concluded that petitioner met his burden of demonstrating cause and prejudice for his procedural default in the Tennessee Court of Appeals. A state prisoner generally is not entitled to habeas review until all state remedies have been exhausted, and the prisoner has appealed to the state's highest court. See Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973). See also 28 U.S.C. Sec. 2254(b) and (c). A state prisoner whose failure to exhaust state remedies is the result of a procedural default may seek habeas relief upon a showing of cause and prejudice. See Murray v. Carrier, 477 U.S. 478 (1986). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Id. at 488. Additionally, the procedural default must have prevented petitioner from raising a federal constitutional issue. Absent fundamental unfairness, state law claims cannot provide a basis for habeas relief. See Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 114 S. Ct. 1317 (1994).
 
 
 9
 Petitioner, however, has failed to raise a constitutional claim. Petitioner's procedural default prevented him only from appealing a state law issue, the applicability of equitable estoppel under Tennessee law to TDOC's recalculation of his sentence. Petitioner has failed to demonstrate that he has a liberty interest under the Fourteenth Amendment in the erroneously calculated sentence. Nor is such a liberty interest created merely because state law recognizes the doctrine of equitable estoppel.
 
 
 10
 An alleged error in state law is only remediable on a petition of habeas corpus "when [it] rises to the level of depriving the defendant of fundamental fairness in the trial process." Id. at 1354. Petitioner has not shown that TDOC's recalculation of his sentence to correct a previous error deprived him of fundamental fairness in the trial process. Petitioner does not claim that he is innocent, nor that it is unlawful for his sentences to be calculated consecutively. Cf. Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir. 1988) (granting habeas relief for state error where "both the magnitude of the legal error and the innocence of the accused are manifest."). Moreover, the record does not support petitioner's contention that he could have sought earlier release from federal prison if he had not been misinformed that his sentences were concurrent.
 
 IV.
 
 11
 Accordingly, the District Court's judgment is reversed.
 
 
 12
 CHURCHILL, Senior District Judge, concurring in the result.
 
 
 13
 I concur in the conclusion that the District Court's judgment must be reversed. I write separately because it is my opinion that the majority opinion does not adequately deal with the issues upon which the District Court's opinion turned.
 
 
 14
 In an earlier opinion denying the state's motion to dismiss, the District Court stated:
 
 
 15
 Although the Fourteenth Amendment may not guarantee to State prisoners that their sentences will be calculated in any specific manner, see Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985) [sic], a State, nevertheless, may not deprive a prisoner of a liberty interest in which he has obtained a right or expectation by virtue of State law. Wolff v. McDonnell, 418 U.S. 539 (1974), Vitek v. Jones, 445 U.S. 480 (1980). Although no Tennessee statute or court decision confers such a right or expectation in this case, this is not the end of the inquiry. If State law would preclude the State from denying Petitioner's right or expectation under a theory of equitable estoppel, then this interest is protected under the Fourteenth Amendment.
 
 
 16
 I agree with the District Court that it should make no difference whether a right or expectation under state law is based upon statutory law, common law or estoppel. We should treat Holt's federal constitutional claim with the same validity as if he were entitled to a concurrent sentence pursuant to a state statute.
 
 
 17
 The fatal defect in the petitioner's claim is that he is serving a life sentence and he has no federal constitutional right to parole consideration. This court at one time held that the Tennessee parole scheme created a liberty entitlement protected by due process. Mayes v. Trammell, 751 F.2d 175, 179 (6th Cir. 1984). However, three years later in Wright v. Trammell, 810 F.2d 589 (6th Cir. 1987), this court noted that the Rules of Tennessee Board of Parole had changed to eliminate the words which granted a constitutionally protected liberty interest. "The expectancy of release upon parole is not a constitutionally protected interest where the state holds out 'no more than a mere hope that the benefit will be obtained."' Id. at 590, quoting Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1 (1979). Because all that Holt has is a "mere hope that a benefit will be obtained," his petition must be denied.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation