**Jerome HINDS, Plaintiff,**

v.

**STATE OF TENNESSEE, et al., Defendants.**

**No. 95–2155–M1/Bre.**

United States District Court, W.D. Tennessee, Western Division.

May 31, 1995.

---

Jerome Hinds, pro se.

## ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND ORDER OF DISMISSAL

McCALLA, District Judge.

Plaintiff, Jerome Hinds, an inmate at the South Central Correctional Center in Clifton, Tennessee, has filed a complaint under 42 U.S.C. § 1983, with an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).

The motion to proceed *in forma pauperis* is **GRANTED.** The clerk of court is **ORDERED** to file the case without payment of the filing fee, and to record the defendants as: the State of Tennessee, the Tennessee Board of Paroles, and Charles Traughber. The clerk shall not issue process or serve any papers in this case.

Hinds alleges that he has been improperly denied parole. He sues the state of Tennessee, the Tennessee Board of Paroles and its Chairman **Charles Traughber.** Although the complaint is less than clear, he also seems to sue Assistant Shelby County District Attorney James Challen. In 1990 Hinds was convicted in Shelby County Criminal Court of second degree murder and sentenced as a range one standard offender to 15 years.[1] He alleges that despite the sentence specifying that he was sentenced at the Range I level and became eligible for release after serving 30% of his sentence,[2] the Board continues to deny him parole. He seeks fifteen hundred dollars per day damages against each defendant and an order directing the parole board to release him.

The Court first notes that venue in this matter resides in the Middle District of Tennessee, where the plaintiff is confined and the defendants reside and where he alleges

the civil rights violations occurred. 28 U.S.C. § 1391(b). Ordinarily, the Court would simply transfer a case filed in the wrong district. For the reasons discussed below, however, this case so completely lacks an arguable basis either in law or in fact that it is frivolous under 28 U.S.C. § 1915(d). The Court therefore holds that it would not be in the interests of justice to transfer this case and it must therefore be dismissed. 28 U.S.C. § 1406(a).

Hinds has no liberty interest in parole, the defendants are protected by absolute immunity, this court is without authority to order the parole board to consider him for early release, and this case is frivolous.

There is no right under the Constitution to parole or early release. *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 11, 99 S.Ct. 2100, 2106, 60 L.Ed.2d 668 (1979). Tennessee law and regulations do not create a right to parole. *Wright v. Trammell,* 810 F.2d 589, 591 (6th Cir.1987).

Parole in Tennessee is governed by Tenn. Code Ann. §§ 40–28–101 to 405 and §§ 40–35–501 to 504 (1990 and Supp.1992). Section 40–28–115(a) states, in pertinent part: "The time of his release shall be discretionary with the board." Section 40–28–117(a) states, in pertinent part:

> **Parole being a privilege and not a right,** no prisoner shall be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison, but only if the board is of the opinion that there is reasonable probability that if such prisoner is released he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society. If the board shall so determine, such prisoner **may** be paroled.

Tenn.Code Ann. § 40–28–117(a) (emphasis added).

---

[1]. In Tennessee, the statutory range for second degree murder, a class A felony, is 15 to 60 years. *See* Tenn.Code Ann. §§ 40–35–110, 40–35–111(b)(1), 40–35–112(a)(1), and 39–13–210. Tenn.Code Ann. § 40–35–112(a)(1). The possible sentencing range for a defendant in criminal history Range I is only 15 to 25 years. Tenn. Code Ann. § 40–35–112(a).

[2]. Tenn.Code Ann. § 40–35–501(c) (1990 and Supp.1992).

Section 40–35–501(a) states, in pertinent part: "An inmate shall not be eligible for parole until reaching his release eligibility date...." (emphasis added). These statutes create no right to parole, or to due process in the conduct of a parole hearing. *Wright v. Trammell*, 810 F.2d at 591.

Nor does the plea agreement plaintiff entered entitle him to an earlier release. That agreement simply recognized his release **eligibility** date, it did not promise he would actually be released then.

Furthermore, Hinds cannot sue Chairman Traughber for damages because he has been denied parole. Parole Board members enjoy absolute immunity for actions taken in connection with determining whether to grant or deny parole. *Farrish v. Mississippi State Par. Bd.*, 836 F.2d 969, 973–74 (5th Cir.1988). *See also Gant v. Tennessee Bd. of Paroles*, 1990 WL 125380, 1990 U.S.App. LEXIS 15286 (6th Cir. Aug. 29, 1990) (suit against, among others, parole officer for denial of parole); *Murray v. Miller*, No. 89–5506, 1989 WL 149987, at *1, 1989 U.S.App. LEXIS 18799, at *2 (6th Cir. Dec. 12, 1989) (following *Farrish*); *Robinson v. Board of Paroles*, 1989 WL 68024, 1989 U.S.App. LEXIS 9161 (6th Cir. June 23, 1989) (suit for monetary damages frivolous— Ex Post Facto clause not violated by application of change in Tennessee parole scheme to inmate sentenced under old scheme).[3]

Even if Hinds is attempting to sue Challen, he has no claim. Challen has no authority over the Parole Board's decisions, and in any event Challen is protected by absolute immunity for his actions in negotiating the plea agreement under which Hinds was sentenced. *See Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 993–94, 47 L.Ed.2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 489–92, 111 S.Ct. 1934, 1941–42, 114 L.Ed.2d 547 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir.1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986), *cert. denied*, 481 U.S. 1048, 107 S.Ct. 2177, 95 L.Ed.2d 834 (1987).

To the extent that Hinds sues Traughber in his official capacity, he has no claim. A suit against a state employee in his official capacity is a suit against the state agency. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). *See also Wells v. Brown*, 891 F.2d 591 (6th Cir.1989) (even *pro se* plaintiff must state whether suit is in personal or official capacity). A suit against the Board of Paroles is actually a suit against the state of Tennessee. *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–08, 79 L.Ed.2d 67 (1984). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky v. Graham; Pennhurst; Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Furthermore, a state is not a person within the meaning of section 1983. *Will v. Michigan*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The plaintiff's claims against the state of Tennessee are therefore barred by the Eleventh Amendment and do not fall within the purview of section 1983.

Finally, to the extent that the court should construe Hinds's complaint as one seeking review of the Parole Board's substantive decision to deny parole, he seeks relief that is only available through a habeas petition, not under section 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir.1985). There is no cause of action under section 1983 for false imprisonment until the state sentence under which the prisoner is confined is set aside. *See Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994).

Even if Hinds's complaint should be construed as an attempt to seek habeas relief, his complaint must be dismissed. 28 U.S.C. § 2254 is the means by which state prisoners may attack their confinement in

---

**3.** Although citation to unpublished Sixth Circuit precedents is disfavored, these cases are referred to in the absence of clear published case law from this Circuit "because [they] establish [ ] the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" *Norton v. Parke*, 892 F.2d 476, 479 n. 7 (6th Cir.1989).

state custody under a state court conviction. A habeas petitioner must first exhaust available state remedies before requesting relief under section 2254. 28 U.S.C. § 2254(b). *See also* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. *See, e.g., Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In this case, the petitioner has clearly not exhausted his state remedies. A petitioner has failed to exhaust his available state remedies if he has the opportunity to raise his claim by any available state procedure. *Preiser,* 411 U.S. at 494–95, 93 S.Ct. at 1838–39. Moreover, to exhaust these state remedies, the applicant must have presented the very issue on which he seeks relief from the federal courts to the courts of the state that he claims is wrongfully confining him. *Picard v. Connor,* 404 U.S. 270, 275–76, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Dickerson v. State of La.,* 816 F.2d 220, 228 (5th Cir.1987).

Petitioner has the right to obtain judicial review by petition for writ of certiorari of the Board of Paroles' decision to refuse to consider him for early release. *Brigham v. Lack,* 755 S.W.2d 469, 471 (Tenn.Cr.App. 1988). Petitioner has not sought this review and has thus failed to satisfy the exhaustion requirement. This claim must be dismissed under *Preiser* and *Rose v. Lundy.*

This complaint lacks an arguable basis either in law or in fact, and is therefore frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

As the complaint is frivolous, it is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(d).

Construed as a habeas petition, it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Thus summary dismissal prior to service on the respondent is proper. Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision *in forma pauperis.* Twenty-eight U.S.C. § 1915(a) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis. See Williams v. Kullman,* 722 F.2d 1048, 1050 n. 1 (2nd Cir.1983). The same considerations that lead the court to dismiss this case as frivolous also compel the conclusion that an appeal would be frivolous.

It is therefore **CERTIFIED,** pursuant to 28 U.S.C. § 1915(a), that any appeal in this matter by plaintiff, proceeding *in forma pauperis,* is not taken in good faith.

Construing the pleading as a habeas petition, the court finds that petitioner's claims are completely devoid of merit. He cannot establish the existence of a question of some substance, or of the substantial denial of a federal right. As no reasonable jurist could disagree with these conclusions, a certificate of probable cause as required by 28 U.S.C. § 2253 is **DENIED.**

**IT IS SO ORDERED.**