IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 31, 2001

## MOHAMED ALI v. TENNESSEE BOARD OF PAROLES

**Appeal from the Chancery Court for Davidson County**
**No. 01-1711-III     Ellen Hobbs Lyle, Chancellor**

––––––––––––––––––

**No. M2001-02302-COA-R3-CV - Filed October 16, 2002**

––––––––––––––––––

Appellant, an inmate of the Department of Corrections, appeals the dismissal of his Petition for Certiorari in the Chancery Court of Davidson County. He was convicted in 1993 of one count of rape and one count of attempted bribery of a witness. He received sentences of twelve years and three years, respectively, to be served consecutively. He seeks mandatory parole under Tennessee Code Annotated section 40-28-117(b) and other relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Mohamed Ali, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General; Michael E. Moore, Solicitor General; and Mark A. Hudson, Senior Counsel, for the appellee, Tennessee Board of Paroles.

### OPINION

Appellant, an inmate in the Department of Corrections, was sentenced in 1993 to an effective term of fifteen years. He has four times been rejected for parole on the basis provided by Tennessee Code Annotated section 40-35-503(b)(2)(1997) that his parole "would depreciate the seriousness of the offense of the crime of which the defendant stands convicted or promote disrespect for the law."

He first asserts that he is entitled to mandatory parole under the provisions of Tennessee Code Annotated section 40-28-117(b).

This section of the Code has never been repealed because it is still effective in certain cases involving crimes committed prior to July 1, 1982, and convictions occurring prior to May 26, 1983. *See Eslick, v. Campbell*, no. M1998-00944-COA-R3-CV, 2000 Tenn. App. Lexis 413 (Tenn. Ct.

App. June 27, 2000); *Ishaaq v. Tennessee Dep't of Corr.*, No. M2000-01957-COA-R3-CV, 2001 Tenn. App. Lexis 934 (Tenn. Ct. App. Dec. 28, 2001). Such has been the law since Chapter 227, Section 29 of the Public Acts of 1989 amended Tennessee Code Annotated section 40-28-115(b) and Chapter 406, Section 12 of the Public Acts of 1983 amended Tennessee Code Annotated section 40-35-503. As Appellant does not allege that he committed the crimes for which he was convicted prior to July 1, 1982, and as his petition shows on its face that he was convicted of these crimes in 1993, he is not and never has been eligible for mandatory parole under any statute, including Tennessee Code Annotated section 40-28-117(b).

Next, Appellant complains that he has four times been rejected for parole because of the seriousness of his offenses under Tennessee Code Annotated section 40-35-503(b)(2). A prisoner has no constitutional or inherit right to parole prior to the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7-8 (1979). There is no constitutionally protected liberty interest in parole in Tennessee. *Wright v. Trammell*, 810 F.2d 589 (6th Cir. 1987); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 (Tenn. Ct. App. 1995).

The Tennessee Supreme Court has held: "In our view, consideration of the seriousness of the offense, the number of victims, and the risks to re-offend is appropriate to the parole decision. Consideration of these factors does not demonstrate that the Board acted illegally, fraudulently, arbitrarily, or in excess of its jurisdiction. Moreover, consideration of such factors does not implicate any constitutional right under the circumstances." *Arnold v. Tennessee Bd. Of Paroles*, 956 S.W.2d 478, 482-83 (Tenn. 1997).

The Petition for Certiorari fails to state a claim upon which relief can be granted and was properly dismissed by the trial court. *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871 (Tenn. Ct. App. 1994).

The judgment of the trial court is affirmed and costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE