**Dave A. RANDOLPH, Plaintiff–Appellant,**

**v.**

**Donal CAMPBELL; Jim Rose; Ricky Bell; Robert Waller; Carl Smith; Randle Ganaway; Cheryl Donaldson; Thomas Vance; Billy McLeskey, Sgt.;**

McLintye, Cpl.; Howard Brandon; Charles Smith, Cpl.; Connie Klein; Arthur Jackson; Joseph Mills, Cpl., Defendants–Appellees.

No. 01–5053.

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2001.

Before RYAN, BOGGS, and DAUGHTREY, Circuit Judges.

Dave A. Randolph, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing, under the authority of 28 U.S.C. § 1915A, his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Randolph filed a complaint against fifteen officials employed in various capacities by the Tennessee Department of Corrections. Randolph challenged his prolonged detention in administrative segregation. Randolph was initially placed in segregation on November 6, 1998, pending an investigation regarding an inmate-on-inmate assault in which Randolph was allegedly involved. On November 13, 1998, Randolph was informed that his placement in administrative segregation would be indefinite. Since his placement in segregation, Randolph has received monthly reviews of his confinement by an administrative segregation review panel. Each review panel has recommended Randolph's continued placement in segregation. According to Randolph, as long as he remains in administrative segregation, he is unable to earn sentence reduction credits or meet the parole board.

The district court dismissed Randolph's complaint for failure to state a claim upon which relief may be granted. Randolph's motion to vacate the order of dismissal was subsequently denied. Randolph appeals. He requests the appointment of counsel.

■ We review de novo an order dismissing a suit for failure to state a claim upon which relief may be granted under § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000). Section 1915A requires district courts to screen cases at the moment of filing and to sua sponte dismiss those that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(a) and (b). The screening procedures established by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding in forma pauperis. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997).

■ Upon review, we conclude that the district court properly dismissed Randolph's complaint, as it fails to state a claim for relief. *See Brown*, 207 F.3d at 867. Randolph lacks a liberty interest sufficient to implicate the Due Process Clause. Randolph does not have an inherent constitutional right to remain free of disciplinary confinement during his incarceration. *See Sandin v. Conner*, 515 U.S. 472, 484–86, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

The fact that the administrative segregation placement may have a negative implication on Randolph's opportunity to earn sentence reduction credits and meet the parole board is a collateral consequence of Randolph's placement in administrative segregation that is insufficient to create a liberty interest. *See Sandin*, 515 U.S. at 487, 115 S.Ct. 2293; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995). The mere presence of a parole system and the possibility of parole do not create a liberty interest protected by the Due Process Clause. *Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). Furthermore, Tennessee law does not create a liberty interest in parole. Tenn.Code Ann. § 40–35–503 (Lexis Publishing 2000); *Wright v. Trammell*, 810

F.2d 589, 590–91 (6th Cir.1987). Since Randolph's allegations do not give rise to a due process violation, he cannot state a claim under § 1983. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

The district court also properly dismissed Randolph's § 1985(3) and § 1986 claims. In order to establish a cause of action under § 1985(3), a plaintiff must show that the named defendants were involved in misconduct that was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bartell v. Lohiser,* 215 F.3d 550, 559–60 (6th Cir.2000) (quoting *United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott,* 463 U.S. 825, 829, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Randolph's complaint contained no factual allegations that the defendants' alleged actions were based upon his race. Since the § 1985 claim was dismissed, Randolph's § 1986 claim was also properly dismissed, as a § 1986 claim is dependent upon a § 1985 claim. *See Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.,* 32 F.3d 989, 994 (6th Cir.1994).

Accordingly, the motion for appointment of counsel is denied and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.