Russell Keith BERRY, Plaintiff–
Appellant,

v.

Charles TRAUGHBER, et al.,
Defendants–Appellees.

No. 02–5023.

United States Court of Appeals,
Sixth Circuit.

Aug. 14, 2002.

Before NELSON, BOGGS, and NORRIS, Circuit Judges.

## ORDER

Russell Keith Berry, a pro se Tennessee prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory, injunctive, and monetary relief, Berry sued several members of the Tennessee Board of Pardons and Paroles ("BOPP"), alleging that his rights under Article I, Section 10, clause 1 of the United States Constitution were violated because statutes, rules and procedures adopted after his offense were applied to his parole eligibility in violation of the Ex Post Facto Clause in the Constitution. Berry also alleges that, during his parole hearing, the BOPP denied him his right to due process and equal protection of the law. Berry does not indicate whether he is suing the defendants in their official or individual capacities. The district court dismissed the case as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e). This timely appeal followed.

■ Initially, we note that insofar as Berry seeks monetary damages from the state defendants, he is barred by the doctrine of *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Will*, the Supreme Court held that state officials who are sued in their official capacity for monetary damages are not considered "persons" subject to suit under § 1983. *See id.* at 70–71 & n. 10; *see also Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir.1994). It is the plaintiff's

affirmative duty to plead the capacity in which he is suing the defendants. *See Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989). Because Berry did not specify the capacity in which he sues the individual defendants, the complaint is construed as suing them in their official capacity as employees of the state and Berry's claim for monetary damages must fail. *See id.* at 593–94. In addition, the Eleventh Amendment bars suits for damages against state officials sued in their official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

Upon de novo review, we conclude that the district court properly dismissed the case pursuant to 28 U.S.C. § 1915(e)(2) because the case is frivolous or otherwise fails to state a claim upon which relief may be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint is properly dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *See Turker v. Ohio Dep't of Rehab. and Corr.*, 157 F.3d 453, 456 (6th Cir.1998).

■ Berry's due process claim has no arguable basis in law. Berry has neither an inherent constitutional right to parole nor a protected liberty interest created by mandatory state parole laws. *See Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60

L.Ed.2d 668 (1979); *Wright v. Trammell*, 810 F.2d 589 (6th Cir.1987) (holding that Rules of Tennessee Board of Parole do not create a protected liberty interest). Because Berry has no substantive liberty interest in parole, he cannot challenge the procedures used to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

▪ Berry's ex post facto claim has no arguable basis in law. The new policy is not a law subject to ex post facto analysis as it is more in the nature of a guideline for the Board to use in exercising its discretion and as Berry provided no evidence that the Board lacked the discretion to modify the policy. *See Shabazz v. Gabry*, 123 F.3d 909, 915–16 (6th Cir.1997).

▪ Finally, the district court properly dismissed Berry's equal protection claim as Berry has not claimed that he is a member of a constitutionally protected class, and that the defendants intentionally discriminated against him because of his membership in that protected class. *See Herron v. Harrison*, 203 F.3d 410, 416 (6th Cir.2000) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir.1990)). Nor are prisoners members of a protected class for equal protection purposes. *See Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.