**Darryl ROWAN, Plaintiff–Appellant,**

v.

**Charles TRAUGHBER; Ray Maples; Larry Hassles; William Parsons; Floyd, Defendants–Appellees.**

No. 02–5341.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2002.

Before NORRIS and CLAY, Circuit Judges; O'MEARA, District Judge.*

Darryl Rowan appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

It appears that Rowan was convicted of burglary and sentenced to six years of imprisonment. He alleges that his parole plans were initially approved, but that the chairman of the Tennessee Parole Board put his release on hold. A hearing officer subsequently recommended that the decision to grant parole be rescinded, and the board adopted this recommendation in May of 2001.

In his civil rights complaint, Rowan primarily alleged that the hearing officer, the chairman of the parole board, and the members of the board had violated his right to due process by putting the initial decision to grant him parole on hold, by failing to give him adequate notice of the reasons for the rescission hearing, and by refusing to disclose the evidence that supported the rescission of their initial decision to grant him parole. The district court dismissed the case on January 18, 2002, and it is from this judgment that Rowan now appeals.

■ A *de novo* review of the record shows that dismissal was appropriate because Rowan did not allege a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). The district court properly determined that Rowan did not have an inherent constitutionally created right to parole and that the Tennessee statutes did not give rise to an expectation of parole that was sufficient to trigger a constitutionally protected liberty interest. *See Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Wright v. Trammell,* 810 F.2d 589, 590–91 (6th Cir.1987).

■ Rowan now argues that a protected liberty interest was created by the board's initial approval of the plans for his parole. This argument lacks merit because the board's initial approval was rescinded before he was released from prison. *See Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235–36 (6th Cir.1991). Rowan also argues that the manner in which the defendants conducted his hearing and re-

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

scinded their initial recommendation violated the board's policies. However, these procedural policies were not sufficient to create a protected liberty interest in his parole. *See id.* at 237–38. Thus, the district court properly rejected Rowan's claims, as he did not have a constitutional right to extensive due process protections regarding his release on parole. *See id.* at 235–38; *Wright,* 810 F.2d at 590–91.

We also note that Rowan's claims are not cognizable under § 1983 because a ruling on them would implicate the validity of his continued confinement and because he has not shown that the parole board's decision was declared invalid by an appropriate state tribunal or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Butterfield v. Bail,* 120 F.3d 1023, 1024–25 (9th Cir.1997).

Finally, we note that Rowan allegedly filed an administrative appeal of the board's decision which was still pending when he filed his civil rights complaint. Therefore, dismissal was also appropriate because he had not exhausted all of the administrative remedies that were available to him. *See* 42 U.S.C. § 1997e; *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.