IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


LEWIS A. GRIMES v. STATE OF TENNESSEE

Direct Appeal from the Criminal Court for Shelby County
No. 00-04327   W. Fred Axley, Judge

No. W2004-02897-CCA-R3-PC   -   Filed May 25, 2005


The Petitioner, Lewis A. Grimes, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition was filed outside the applicable statute of limitation and is, therefore, time-barred.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS  and ALAN E. GLENN, JJ.  joined.

Lewis A. Grimes, pro se.

Paul G. Summers, Attorney General & Reporter; Rachel E. Willis, Assistant Attorney General, for the appellee, the State of Tennessee.


**MEMORANDUM OPINION**


The Petitioner, Lewis A. Grimes, was charged with the offense of felony murder on May 11, 2000.  On January 19, 2001, he entered a plea of guilty to the lesser offense of facilitation of felony murder.  Pursuant to the negotiated agreement, the trial court sentenced the Petitioner to twenty years confinement in the Department of Correction as a range I offender.

On October 12, 2004, the Petitioner filed, *pro se*, a petition for post-conviction relief. As grounds for relief, he alleged that his plea agreement had been breached by the State. The Petitioner's challenge focuses upon the calculation of time served before he was eligible for release. Petitioner states that, according to his plea agreement, he was to be parole eligible after service of thirty percent of his sentence, or, between "(54) and (60) months." He contends that the "[Parole] Board has systematically promulgated guidelines which . . . supercede the intention of the plea agreement." Petitioner states that the "Board has a formula in which they calculate specific factors and come up with a total amount of months that an offender *must* serve on a particular sentence *before* he is 'actually' eligible for parole." (*emphasis in original*). Under this formula, Petitioner states that he was advised that he would have to serve "(87.9) months; not to include the reduction of any accumulated good time credits;" before reaching parole eligibility. Accordingly, he argues that the Parole Board's calculation of his release eligibility violates the spirit of his plea agreement. By order entered October 29, 2004, the trial court summarily dismissed the petition as barred by the applicable statute of limitations. Petitioner timely filed a notice of appeal document.

Petitioner's conviction became final on February 18, 2001. Thus, under the applicable statute of limitations, Petitioner had until February 18, 2002, to file a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102 (2003 Repl.). On appeal to this Court, the Petitioner asserts that the statute of limitations should be tolled under *Burford v. State*. The State has filed a motion requesting that this Court affirm the trial court's dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals. In its motion, the State asserts that the Petitioner has failed to establish that due process requires tolling of the statute of limitations.

Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-102(b)(1-3). Petitioner has failed to assert one of these exceptions for tolling the statute. Notwithstanding, a court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see, e.g.*, *Seals v. State*, 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence). In *Burford v. State,* 845 S.W.2d at 208, our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. *Id.*

The Petitioner asserts that the Parole Board's formula for determining parole eligibility nullified the spirit of his plea agreement with the State. He maintains that the "breach" of his plea agreement, *i.e.*, the Parole Board's calculation of his release eligibility date, was not made until after the time for filing a petition for post-conviction relief expired. Thus, he asserts that due process requires the tolling of the statute of limitations. We are not persuaded by this argument. Any

challenge to a Department of Correction classification or calculation regarding release eligibility has no bearing upon the validity of the Petitioner's conviction or sentence. *See Terry W. Holtsclaw v. State,* No. 03C01-9904-CR-00143, 1999 WL 552881, *2 (Tenn. Crim. App., at Knoxville, May 4, 1999). Parole is a privilege and not a right. Tenn. Code Ann. § 40-28-117(a) (2003); Tenn. Code Ann. § 40-35-503(b) (2003). Because a prisoner does not have a constitutional or inherent right to conditional release prior to the expiration of a valid sentence, a prisoner has no constitutionally protected interest in parole. *Paul Moss v. Tennessee Board of Probation and Parole*, No. M2003-02125-COA-R3-CV, 2004 WL 2583898, *2 (Tenn. Ct. App., at Nashville, Nov. 12, 2004) (citations omitted); *see also Wright v. Trammell,* 810 F.2d 589 (6th Cir.1987)(no constitutionally protected liberty interest in parole in Tennessee). Post-conviction relief shall only be granted when the conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103 (2003). We conclude that application of the one-year statute of limitations in this case does not violate principles of due process. Accordingly, the trial court properly determined that the petition was time-barred.

Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID G. HAYES, JUDGE