NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1175n.06

No. 12-5482

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Nov 09, 2012*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MIKE SETTLE, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| | )    ON APPEAL FROM THE UNITED |
| v. | )    STATES DISTRICT COURT FOR |
| | )    THE EASTERN DISTRICT OF |
| TENNESSEE DEPARTMENT OF | )    TENNESSEE |
| CORRECTION; BOARD OF PAROLE, | ) |
| | ) |
|     Defendants-Appellees. | ) |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Mike Settle, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983.

Settle pleaded guilty in 2001 to state law charges of especially aggravated kidnapping, felony escape, aggravated assault, and aggravated robbery. *Settle v. State*, No. W2003-01261-CCA-R3-PC, 2004 WL 1656481, at *1 (Tenn. Crim. App. July 23, 2004).  The trial court sentenced him to a total of twenty-five years of imprisonment. *Id.*

Settle filed a civil rights complaint against the Tennessee Department of Correction, the Board of Parole, unspecified employees of those entities in their official and individual capacities, and the Department's Commissioner.  Settle alleged that he was previously told that he would be eligible for parole on December 3, 2011, but that the defendants recently informed him that he is not eligible until March 4, 2023.  He argued that his constitutional rights were violated because the defendants failed to certify his parole eligibility to the parole board and failed to conduct a parole hearing.  He asserted that the defendants' inactions constituted negligence that violated his Fifth,

Eighth, and Fourteenth Amendment rights. He sought monetary and injunctive relief. Shortly after filing his complaint, Settle moved to add claims that correctional employees retaliated against him for various reasons.

The district court concluded that the new claims belonged in a separate lawsuit and denied the motion to amend. The court also dismissed Settle's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A as frivolous and for failure to state a claim upon which relief could be granted, denied Settle's remaining motions as moot, and permitted Settle to proceed in forma pauperis on appeal.

On appeal, Settle argues: (1) that he was entitled to amend his complaint; (2) that the Department is required to calculate prison release dates which create a liberty interest; (3) that the defendants are liable because their employees were negligent; (4) that the Eleventh Amendment does not bar injunctive relief; and (5) that his motions were not moot. Settle also states that he failed to get a report from a magistrate judge. However, the district court's docket sheet shows that no magistrate judge's report was issued in this case.

The district court's decision to dismiss a case under section 1915(e) and section 1915A is reviewed de novo. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Settle claims that his due process rights were violated when he was denied a parole hearing in 2011. To establish a due process violation, a complainant must first show that he or she has a protected property or liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). A liberty interest in parole eligibility derives only from state law. *See, e.g.*, *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011); *Inmates of Orient Corr. Inst.*, 929 F.2d at 235. We have previously held that Tennessee law has not created a liberty interest in parole eligibility. Tenn. Code Ann. §§ 40-28-117(a) and 40-3-503(b); *Wright v. Trammell*, 810 F.2d 589, 590–91 (6th Cir. 1987). Because Settle has no substantive liberty interest in parole, the procedures used to deny him parole cannot be challenged. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983);

*Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc). Accordingly, Settle's due process claim is without merit.

To the extent that Settle raises on appeal his claim that the denial of a parole hearing violates the Eighth Amendment, he has failed to preserve the claim by arguing it with sufficient detail. *See, e.g.*, *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

Finally, the district court did not err in denying Settle's motion to amend his complaint. We have held that district courts are not permitted to allow plaintiffs to amend their complaints to avoid dismissal pursuant to section 1915A. *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). Therefore, the district court properly dismissed Settle's case without allowing him to amend the complaint.

The district court's judgment is affirmed.